Reade, J.
 

 The bill is at the instance of the widow and the heir of Allen Ferguson against the administrator and heirs at law of John Ferguson, to have a parol agreement for the purchase of land declared to be a trust. It is alleged that John Ferguson purchased the land belonging to Allen Ferguson at sheriff’s sale for a very reduced price, under a parol agreement with Allen Ferguson that he would hold the same for the benefit of said Allen and himself! Both the Fergusons died, and the widow and the heir at law of Allen join in the bill. The object in joining the widow is to claim dower in the trust estate. The bill is demurred to, and in the demurrer several causes are assigned:
 

 1. “That the bill is inconsistent and repugnant in stating that Allen Ferguson died siezed and possessed of the land, and afterwards showing only an equitable right.” The language of the bill in this particular is not technical and precise, but still it sufficiently appears from the whole bill what the estate claimed really is.
 

 2. “ That the bill prays dower for the widow, without showing that the husband was entitled to an estate of inheritance.”
 

 If the statement of the bill be sustained, it shows that the husband had an equitable
 
 estate
 
 of inheritance, and not a mere
 
 right,
 
 and therefore the widow is entitled to dower.—
 
 Thompson
 
 v.
 
 Thomson,
 
 1 Jon., 430.
 

 3. “ That, according to the allegations in the bill, the land ■ was treated as copartnership property between the two in-testates, and was therefore personalty, and not liable to the widow’s dower.”
 

 Such are not the allegations of the bill; but if they were,
 
 *115
 
 it does not follow that it was personalty.
 
 Patton
 
 v.
 
 Patton,
 
 Win. Eq., 20.
 

 4. “That the administrator of Allen Ferguson is not a party.”
 

 It is not necessary that he should be a party.
 
 Avent
 
 v.
 
 Ward,
 
 Bus. Eq., 192.
 

 5. & 6. “ That the administrator and heirs of John Ferguson are not made parties, inasmuch as no precept is prayed against them.” v
 

 The bill names these persons and prays that they may be made defendants; but it does not pray for process against them. In
 
 Hoyle
 
 v.
 
 Moore,
 
 4 Ire. Eq., 175, the bill prayed that the clerk should issue subpoenas to the proper defendants, without saying who they were; and of course the clerk could not know to whom to issue. But here the bill does name the persons, and prays that they may be made defendants. From this the clerk can understand that he is to issue process against those persons. And besides, all the persons named, and who ought to be- parties, do in fact appear and demur. This is sufficient.
 
 Williams
 
 v.
 
 Burnett and others,
 
 Bus. Eq., 207.
 

 7. “ That the whole bill is wanting in precision and certainty.”
 

 To a considerable extent this is true. It is prolix, argumentative and inartificial. We have said before that such pleadings jeopardise the interests of the parties, embarrass the court and mortify the profession, and for this there is only insufficient excuse of haste and the absence of books upon the circuits. The court below will probably allow the argumentative and other defective parts of the bill to be stricken out and reformed, at the costs of the complainants. The costs of this court will be a caution to defendants against careless and insufficient demurrers.
 

 The order sustaining the demurrer must be reversed.
 

 Per Curiam.
 

 Judgment reversed.